G. Arthur Meneses (SBN 105260)
AMeneses@InitiativeLegal.com
Gene Williams (SBN 211390)
GWilliams@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiff Hugo Delgado
and Class Members

JS6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—SOUTHERN DIVISION

| | |
|---|---|
| HUGO DELGADO, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>NEW ALBERTSON'S, INC,. a Delaware corporation; SUPERVALU INC., a Delaware corporation; AMERICAN STORES COMPANY, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | Case No.: SACV08-806 DOC (RNBx)<br><br>Assigned to Hon. David O. Carter<br><br>PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>Date:　　January 23, 2012<br>Time:　　8:30 a.m.<br>Place:　　Courtroom 9-D |

# ORDER AND JUDGMENT

The Court has received and considered the proposed Joint Stipulation of Settlement and Release (hereinafter the "Settlement Agreement"), which is incorporated herein by reference, including the adoption of defined terms. The Court has: (1) previously granted preliminary approval of the Settlement Agreement; (2) been informed by declaration that notice of the settlement has been given to the Class (as defined below); (3) held a final fairness hearing at which all parties appeared by their counsel and at which the Court afforded Class Member Michelle Williams an opportunity to object to the Settlement Agreement; (4) received and reviewed briefing and evidence as to why the proposed settlement is fair, adequate, and in the best interests of the represented class; and (5) considered all other arguments and submissions in connection with the proposed settlement, including Ms. Williams' objection.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all Class Members.

3. The Court certifies for settlement purposes a class of all individuals employed by Defendants in non-exempt positions in California between July 21, 2007 and September 29, 2011, who did not previously opt-out from participating in these proceedings.

4. The Court appoints Plaintiff Hugo Delgado as the Class Representative.

5. The Court finds that Initiative Legal Group APC is experienced in matters of this nature and the Court hereby appoints Initiative Legal Group APC as Class Counsel.

6. The distribution of the Notice of Class Action Settlement, Claim Form, and Exclusion Form (collectively, "Class Notice") to the Class as set forth in the Settlement Agreement has been completed in conformity with the September 29, 2011 Preliminary Approval Order. The Class Notice provided adequate notice of the proceedings and about the case, including the proposed settlement terms as set forth in the Settlement Agreement. The Class Notice fully satisfied due process requirements. The Class Notice was sent via U.S. Mail to all persons entitled to such notice and to all Class Members who could be identified through reasonable effort. As executed, the Class Notice was the best notice practicable under the circumstances.

7. The Court hereby approves the terms set forth in the Settlement Agreement and finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and directs the Parties to effectuate the Settlement Agreement according to its terms. The Court finds that the Settlement Agreement has been reached as a result of informed and non-collusive arm's-length negotiations. The Court further finds that Plaintiff and Defendants have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions.

8. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery and prospective benefits provided as part of the Settlement in light of the challenges posed by continued litigation, the Court concludes that Class Counsel secured significant relief for Class Members.

9. The Settlement Agreement is not an admission by Defendants or by any other Released Party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendants or any other Released Party. Neither this Order, the Settlement Agreement, nor any document referred to

1  herein, nor any action taken to carry out the Settlement Agreement, may be
2  construed as, or may be used as, an admission of any fault, wrongdoing,
3  omission, concession, or liability whatsoever by or against Defendants or any of
4  the other Released Parties.

5      10.    Defendants shall pay the Class Members pursuant to the claims
6  procedure described in the Settlement Agreement.

7      11.    The Court approves the selection of California Rural Legal
8  Assistance, Inc. As the cy pres beneficiary.  Proceeds relating to un-cashed
9  settlement checks issued to Participating Class Members will be donated by the
10 Claims Administrator to California Rural Legal Assistance, Inc.

11     12.    The Court approves the payments of $30,000 from the Maximum
12 Settlement Amount to the California Labor and Workforce Development
13 Agency.

14     13.    The Court awards Named Plaintiff and Class Representative Hugo
15 Delgado $5000 for his service to the Class.  The Court finds that this amount is
16 fair and reasonable in light of Plaintiff's contribution to the litigation, for the
17 notoriety and risk of serving as a representative for the class, and for his general
18 release of claims against Defendants.

19     14.    The Court hereby awards attorneys' fees and costs of $600,000 to
20 Class Counsel.  The Court finds that the requested Class Counsel fee award is
21 reasonable on a lodestar/multiplier basis.  The fee award of $461,177 is less than
22 the reasonable lodestar expended on this case (i.e. the reasonable hourly rates
23 multiplied by time spent), which after reviewing the evidence submitted by Class
24 Counsel the Court determines to be $753,694.  Additionally, evidence submitted
25 by Class Counsel also demonstrates that the requested costs award of $138,823
26 has been actually incurred and are reasonable.

27     15.    The Court approves claims administration expenses in the amount of
28 $135,000 payable to Simpluris, Inc.

16. All Class Members were given a full and fair opportunity to participate in the Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order shall be forever binding on Participating Class Members and all other members of the Settlement Class who did not timely exclude themselves. To effectuate the Settlement, the Court hereby orders that all Class Members who did not timely exclude themselves from the Settlement are barred, enjoined, and restrained from commencing, prosecuting, or asserting any Released Claim against any Released Party.

17. The Court retains jurisdiction over the parties to enforce the terms of the Order and Judgment, and shall have continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement in accordance with its terms.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: January 23, 2012

*David O. Carter*
Hon. David O. Carter
United States District Court Judge